UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HECTOR SUAREZ,

                Plaintiff,

           -against-                         **COMPLAINT**

                                                                  JURY DEMAND

CASINO MANAGEMENT AND TRAINING
CORPORATION,

                Defendant.
------------------------------------------------------------------X

The plaintiff, by **VIK PAWAR, ESQ.** AND **ROBERT BLOSSNER, ESQ.** of the **PAWAR LAW GROUP, P.C.**, her attorneys, complaining of the defendants respectfully alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

Plaintiff commences this lawsuit against defendant for negligence, intentional/negligent infliction of emotional damages, loss of life and companionship and other torts.

### JURISDICTION AND VENUE

This Court has subject matter jurisdiction because of diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity and the amount in controversy exceeds $75,000.

Venue is proper because this is the district upon which the claim arose.

## **THE PARTIES**

1. That at all the times herein mentioned the plaintiff, **HECTOR SUAREZ**, was and still is a resident of the County of the Bronx, City and State of New York who resides at 1234 Prospect Avenue, Bronx, New York, 10456.

2. That at all the times herein mentioned the defendant's employee, **EDUARDO CRUZ** was a resident of the County of the Bronx, who resides at 1847 Harrison Avenue, Bronx, New York 10452.

3. That at all the times herein mentioned the defendant, **MANAGEMENT AND TRAINING CORPORATION.** (hereinafter referred to as "**MANAGEMENT**") was and is a business corporation authorized to do business under the laws of the State of Utah with offices at 500 N. Market Place, Centerville, Utah, 84014.

4. That at all times herein mentioned, the defendant **MANAGEMENT** was conducting and doing business in the State of New York specifically at the South Bronx Job Corps Center, 1711 Anderson Avenue South, Bronx, New York 10453.

5. That at all the times herein mentioned the defendant, **MANAGEMENT,** was the owner of a 2011 Chevrolet SUV motor vehicle bearing a license plate number 1812L which plate had been issued to **MANAGEMENT** by the State of Utah.

6. That at all the times herein mentioned the defendant's employee, **EDUARDO CRUZ** operated the 2011 Chevrolet SUV motor vehicle bearing license plate number 1812L, which plate had been issued by the State of Utah.

7. That at all times herein mentioned, the defendant's employee, **EDUARDO CRUZ** operated and controlled the above described a 2011 Chevrolet SUV motor vehicle

bearing State of Utah registration plate number 1812L with the knowledge, permission and consent of defendant **MANAGEMENT** which was the owner of said Chevrolet SUV motor vehicle.

8. That at all times herein mentioned the 2011 Chevrolet SUV motor vehicle bearing State of Utah license plate 1812L was being utilized by the defendant **MANAGEMENT** in the course of doing business in the County of the Bronx, City and State of New York.

## FACTS

9. That at all times herein mentioned, Prospect Avenue between East 167th Street and Home Street was and still is a public highway and thoroughfare in the County of the Bronx, City and State of New York.

10. That at all times herein mentioned the flow of motor vehicular traffic on the thoroughfare known as Prospect Avenue between East 167th Street and Home Street in the County of the Bronx, City and State of New York was designated by the Department of Traffic of the City of New York to flow in two directions. One of the two directions that the motor vehicle traffic was designated to flow was from approximately the South towards the North. The other direction that motor vehicle traffic was designated to flow was from approximately the North to the South.

11. That at all times hereinafter mentioned the Department of Traffic of the City of New York further designated that the west most lane of the above described Prospect Avenue roadway which lane is adjacent to the curb and sidewalk, be utilized for the parking of motor vehicles parallel to said curb.

12. That at all times herein mentioned the Department of Traffic of the City of New York further designated that the roadway immediately to the east of the lane designated for parking be utilized by bicyclists and by pedestrians.

13. That at all times hereafter mentioned, the Department of Traffic designated that the lane immediately to the east of the lane designated for use by bicyclists and pedestrians be utilized for motor vehicle traffic traveling in a southerly direction on Prospect Avenue.

14. That at all times hereafter mentioned, the lanes described above in paragraphs 10, 11, 12 and 13 as having been designated for parking, bicycle, pedestrian and motor vehicle traffic were delineated and defined for pedestrians, bicyclist, and the drivers of motor vehicles by the Department of Traffic causing white lines to be painted upon the surface of each of the roadway so as to outline the boundaries of each of the said lanes.

15. That at all times hereinafter mentioned, and more specifically on July 27, 2018 at about 8:45 o'clock in the morning the defendant's employee, **EDUARDO CRUZ** operated the aforesaid 2011 Chevrolet SUV motor vehicle in a southbound direction on Prospect Avenue between East 167th Street and Home Street.

16. That at all times herein mentioned, the plaintiff **SUAREZ** was the owner of a motor vehicle which he had previously caused to be parked at the curb in the west most lane of Prospect Avenue between E. 167th Street and Home Street in the County of the Bronx, City and State of New York.

17. That at all times hereinafter mentioned plaintiff **SUAREZ** entered the roadway of Prospect Avenue for the purpose of gaining entrance to his parked motor vehicle.

18. That at all times herein mentioned plaintiff **SUAREZ** had intended to gain entrance to his legally parked motor vehicle through the front door on the driver's side of said motor vehicle.

19. That all times herein mentioned, prior to stepping into the roadway, the plaintiff, **SUAREZ**, kept a lookout for any vehicular or bicycle traffic approaching him from the north, which was the lawful direction from which southbound traffic would be advancing from on that side of the Prospect Avenue thoroughfare by the Department of Traffic of the City of New York.

20. That at a time when plaintiff **SUAREZ** observed that no oncoming traffic was or would be near him in the lane designated for bicyclists and pedestrians, plaintiff entered said lane and attempted to open the driver's door of his motor vehicle for the purpose of entering his motor vehicle.

21. That on or about July 27, 2018 and including all times herein mentioned, as plaintiff was in the process of opening the driver's side door of his motor vehicle, he was struck by the mirror mounted on the passenger side of the 2011 Chevrolet SUV motor vehicle bearing Utah State License plate number 1812L which motor vehicle was then being driven and operated by the defendant's employee **EDUARDO CRUZ**.

22. That on or about July 27, 2018 and including all times herein mentioned, defendant's employee **EDUARDO CRUZ and MANAGEMENT**, were negligent, careless and reckless in their operation and control of the 2011 Chevrolet SUV motor vehicle bearing State of Utah License Plate number 1812L and by their actions caused said motor vehicle to

collide with and strike the pedestrian plaintiff **HECTOR SUAREZ** who was walking in a southerly direction in the roadway.

### AS AND FOR THE FIRST CAUSE OF ACTION

23. Plaintiff **HECTOR SUAREZ** repeats and realleges the facts within each and every one of the foregoing paragraphs numbered "1" through "22" as if fully set forth herein.

24. That on or about July 27, 2018 the defendant, **MANAGEMENT** which owned the 2011 Chevrolet SUV motor vehicle bearing State of Utah license registration number 1812L permitted said vehicle to be operated by the defendant's employee **EDUARDO CRUZ**, on Prospect Avenue in Bronx County, City and State of New York in a reckless, negligent and careless manner thereby causing said motor vehicle to approach the plaintiff pedestrian from his rear, and then collide with and strike the plaintiff, causing plaintiff to be pushed into his own parked motor vehicle and then precipitated to the ground all of which resulted in plaintiff suffering serious and permanent physical and psychological injuries.

25. That the aforesaid occurrence and resulting injuries were not due to any fault or want of care or negligence on the part of the plaintiff, but were due wholly and solely to the carelessness, recklessness and negligence of each of the defendants in that they: failed to keep said 2011 Chevrolet SUV motor vehicle under reasonable and proper control; failed to check the speed of said motor vehicle; failed to maintain a proper lookout when approaching a pedestrian; caused their motor vehicle to travel into a portion of the roadway which was designated for use by pedestrians and bicyclists; operated said motor vehicle in the roadway at what was under the circumstances a high and dangerous rate of speed; operated said motor vehicle in the roadway at a distance that was too close to pedestrians who were permitted in

that area of the roadway; failed to turn or stop said vehicle in order to avoid striking a pedestrian; failed to give any warning of the approach of their motor vehicle; failed to see what was to be seen; failed to observe the rules of the road, including those mandated by posted signs and traffic control devices; failed to observe the ordinances, statutes and traffic regulations of the City and State of New York; failed to foresee and guard against the happening of the occurrence; and in that the defendants were careless and negligent in the premises.

26.     That solely by reason of the aforesaid negligence and carelessness of the defendants, the plaintiff sustained serious injuries at or about his head, body, limbs, and person, nerves, and nervous system, and was caused to suffer mental and physical pain; that he was rendered sick, sore, lame and disabled; that each of his injuries are permanent; that he has required and will require in the future hospitalization, medicines, surgical and medical attention; and that he was thereafter prevented from attending to his daily social and economic activities.

27.     That by reason of the foregoing, the plaintiff, has sustained a serious and permanent injury as defined in Section 5102 (d) of the Comprehensive Automobile Insurance Reparations Act.

28.     Based upon the foregoing the plaintiff has suffered substantial damages.

29.     That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants as to both causes of action, together with the costs and disbursements of this action.

Dated: New York, New York
April 20, 2021

Yours, etc.

**VIK PAWAR**
**ROBERT BLOSSNER, ESQ.**
*Pawar Law Group, P.C.*
Attorneys for Plaintiff
Office & P.O. Address:
20 Vesey Street, Suite 1410
New York, New York 10007
Tel. No.: (212) 571-0805